IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JOHN DUPLESSIS, | § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. G-14-222 |
| | § | |
| U.S. BANK HOME MORTGAGE, | § § § | |
| Defendant. | § | |

## OPINION AND ORDER

Before the Court, with the consent of the parties, is Defendant U.S. Bank Home Mortgage's Motion to Dismiss (Docket Entry ("Dkt.") No. 18), to which Plaintiff John Duplessis filed a Response (Dkt. No. 20) and Defendant filed a Reply. (Dkt. No. 23). After carefully considering the Motion, the response and reply, and the applicable law, the Court concludes that the Defendants' Motion to Dismiss should be **GRANTED** and this action dismissed for the reasons discussed below.

## I. BACKGROUND

This action arises out of a home mortgage loan. Based on the pleadings,[1] on August 16,

---

[1] When considering a motion to dismiss, a court must ordinarily limit itself to the contents of the pleadings and any attachments. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000) (citing FED. R. CIV. P. 12(b)(6)). However, as in this case, documents "that a defendant attaches to a motion to dismiss are [also] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim." *Id.* at 498–99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993)); *see Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir.2003). "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins*, 224 F.3d at 499. These presumably are documents whose authenticity no party questions. *See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir.2008) (citing 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed.2004)).

1

2006, John Duplessis (hereinafter, "Plaintiff") and his wife[2] obtained a loan to purchase property by executing a Note payable to Ashton Woods Mortgage, LLC. and simultaneously executing a Deed of Trust. (Dkt. No. 18, Exs. A, C). Plaintiff and his wife acknowledged that U.S. Bank Home Mortgage (hereinafter, "U.S. Bank" or "Defendant") would service the loan. (*See id.*).

Several years later, Plaintiff and his wife entered into two loan modification agreements. (*See* Dkt. No. 10 at 3, 5). The first, which they executed in February 2010, identified U.S. Bank as the lender; and the second, which they executed in late July 2011, included the Mortgage Electronic Registration Systems, Inc. (MERS) in its capacity as nominee for U.S. Bank. (Dkt. No. 18, Ex. E).

Notwithstanding the modifications, Plaintiff's account reflected delinquent payments, which triggered late fees and other costs, such as inspection fees. (*See* Dkt. No. 18, Ex. A). Beginning in early 2014, Plaintiff sent three written communications to U.S. Bank that he indicated were qualified written requests (QWR) under the Real Estate Settlement and Procedures Act (RESPA). (Dkt. No. 10, Exs. A-C). Plaintiff alleged that he received no response to his first and third letter and, although he conceded that he did receive a response to his second letter which was dated March 14, 2014, in his view, it was inadequate. (*See id.*).

On or around June 30, 2014, Plaintiff filed suit against U.S. Bank in Small Claims Court in Brazoria County, Texas. (Dkt. No. 1). In his Petition, Plaintiff alleged that U.S. Bank violated RESPA by failing "to respond adequately to 3 separate 'Qualified Written Requests.'" (*Id.*). U.S. Bank removed the action from state court on July 14, 2014. (*Id.*). Plaintiff filed an amended complaint on August 20, 2014, in which he reiterated the RESPA claim and also alleged that U.S.

---

[2] Although listed on the loan documents, Duplessis' wife is not a party to this action.

Bank violated the Truth in Lending Act (TILA) when it failed to notify him that it was the new owner of his mortgage. (Dkt. No. 10).

On September 17, 2014, U.S. Bank filed a Motion to Dismiss pursuant to Rule 12(b)(6). (Dkt. No. 18). In its Motion, U.S. Bank maintains that it did not violate RESPA because none of Plaintiff's three letters constituted a QWR which requested information relating to serving the loan and, even to the extent that one of them did, no violation occurred because a timely and adequate response was provided. (*Id.* at 6-12). In addition, U.S. Bank maintains that Plaintiff's RESPA claim fails because he has not alleged that he suffered actual damages as a result of the alleged breach. (*Id.*). U.S. Bank also moves for the dismissal of Plaintiff's TILA claim on the ground that it is barred by limitations and, even if it were not, he had actual notice of the transfer. (*Id.* at 12-13).

## II. STANDARD OF REVIEW

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, a court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). The well-pleaded facts must state a claim that is plausible on its face, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Highland Capital Mgmt., L.P. v. Bank of Am., Nat'l Ass'n*, 698 F.3d 202, 205 (5th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3

## III. DISCUSSION

### A. RESPA Claim

RESPA is a consumer protection statute that requires loan servicers to provide timely[3] written responses to borrowers under certain circumstances. 12 U.S.C. §2605; *see also, Akintunji v. Chase Home Finance, L.L.C.*, No. H-11-389, 2011 WL 2470709, at *2 (S.D. Tex. June 20, 2011). To establish a claim under the Act, the borrower must allege that he sent the loan servicer a QWR,[4] the written correspondence related to the serving[5] of his loan[6] and that actual damage resulted from the alleged violation. 12 U.S.C. § 2605(f)(1)(A); *see also, Oden v. JPMorgan Chase Bank, N.A.*, No. H-12-0861, 2012 WL 1610782, at *2 (S.D. Tex. May 8, 2012) (dismissing RESPA claim where plaintiff failed to allege actual damages); *Hurd v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1752-M, 2012 WL 1081994, at *16 (N.D. Tex. March 12, 2012) (same); *Akintunji*, 2011 WL 2470709, at *2-3 (same); *Caballero v. Wells Fargo Bank,*

---

[3] Section 2605 of RESPA used to provide that if a loan servicer receives a QWR from the borrower for information relating to the servicing of such loan, the servicer must provide a written response acknowledging the receipt of the correspondence within 20 days unless the action requested is taken within such period. See 12 U.S.C. § 2605(e)(1)(A). Additionally, RESPA requires the servicer to take corrective action within 60 days of receiving the qualified written request. 12 U.S.C. § 2605(e)(1)(B). In 2010, Congress decreased the response times from 20 days to 5 days and from 60 days to 30 days, however, the changes did not become effective until January 10, 2014. The Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 11-203, 124 Stat. 1376 (July 21, 2010); *see also, Steele v. Quantum Serv. Corp.*, No. 3:12-CV-2897-L, 2013 WL 3196544, at *6 n.7 (N.D. Tex. June 25, 2013).

[4] Under the Act, a QWR is defined as "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer," that identifies, specifically or in a manner that enables the loan servicer to identify, the name and account at issue, and that "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B); *see also, Akintunji*, 2011 WL 2470709 at *2.

[5] "Servicing" includes "any scheduled periodic payments from a borrower" or the "making of ... payments of principal and interest ...." 12 U.S.C. § 2605(i)(3).

[6] 12 U.S.C. § 2605(e)(1)(A).

4

*N.A.*, No. 3-11-CV-1385-O-BD, 2011 WL 6039953, at *2 (N.D.Tex. July 25, 2011) (same); *Collier v. Wells Fargo Home Mortg.*, No. 7:04-CV-086-K, 2006 WL 1464170, at *3 (N.D.Tex. May 26, 2006) (same).

After carefully considering the pleadings in the present case, the Court concludes that Plaintiff has failed to state a plausible claim based on RESPA against U.S. Bank. Initially, the Plaintiff's January 12, 2014, and March 20, 2014, correspondence (Dkt. No. 10, Exs. A, C) do not constitute QWRs[7] and, even assuming they did, the letters do not request information relating to the serving.[8] *See* 12 U.S.C. §2605(e)(1)(A) (the duty to respond is only triggered when the correspondence is a qualified written request <u>and</u> it requests information relating to servicing).

Turning to the Plaintiff's February 22, 2014, correspondence, the Court observes that the letter does contain twenty-five broadly written requests for information to U.S. Bank (Dkt. No. 10, Ex. B), however, the majority of Plaintiff's requests are clearly not aimed at securing information concerning the servicing of the loan or addressing any errors in payments and, thus, would not trigger any obligation on the part of Defendant to respond or to halt credit reporting. *See e.g.*, *Chambers v. Citimortgage, Inc.*, No. A-14-CA-086-SS, 2014 WL 1819970, at *4 (W.D. Tex. May 7, 2014) (recognizing that "letters requesting information about loan ownership, loan modification, or other non-servicing matters" do not trigger requirements under RESPA); *Anderson v. JP Morgan Chase*, No. H-13-1448, 2013 WL 6524630, at *5 (S.D. Tex. Dec. 11, 2013) (requests for information about loan ownership, loan modification or other non-serving matters do not fall within parameters of RESPA); *Yetiv v. Chase Home Fin. LLC*, No. 4:11-CV-

---

[7] *Supra* note 4.

[8] *Supra* note 5.

1250, 2012 WL 112597, at *6 (S.D. Tex. Jan. 11, 2012) (request for identity of note holder is not related to loan servicing); *see also*, *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 667 n. 5 (collecting district court cases holding correspondence challenging loan validity do not relate to servicing). Although, Plaintiff's February 22, 2014, correspondence also contained some requests for information that could be deemed relevant to the servicing of his loan, he has failed to state a plausible claim for relief under RESPA because U.S. Bank adequately responded to these requests in a timely manner. (Dkt. No. 10, Ex. B). Additionally, Plaintiff's claim fails because he has not alleged actual damages resulting from the alleged violation.[9] *See Oden v. JPMorgan Chase Bank, N.A.*, No. H-12-0861, 2012 WL 1610782, at *2 (S.D. Tex. May 8, 2012) (dismissing RESPA claim where plaintiff failed to allege actual damages); *Bittinger v. Wells Fargo Bank, N.A.*, 744 F.Supp.2d 619, 627 (S.D. Tex. 2010) (concluding that "a plaintiff must allege actual damages resulting from the violation of § 2605"); *see also*, *Croteau v. CitiMortgage, Inc.*, No. 4:12cv693, 2014 WL 119968, at *16 (E.D. Tex. January 13, 2014) (Clark, J.) (determining that actual damages is limited to pecuniary losses that are incurred as a result of the purported RESPA violation.).

The Court, therefore, concludes that Plaintiff's RESPA claims must be **DISMISSED**.

### B. Truth-In-Lending Claim

The TILA provides that, "[i]n addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the

---

[9] The mere fact that a plaintiff incurs expenses or costs by filing suit will not suffice. *Yetiv*, 2012 WL 112597, at *6.

borrower in writing of such transfer . . . ." 15 U.S.C. §1640(g). When a credit transaction is concluded "without giving the required disclosures," it will constitute a TILA nondisclosure violation." *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986). TILA non-disclosure claims are, however, subject to a one-year limitations period that begins to run "from the date of the occurrence of the violation." 15 U.S.C. §1640(e); *see also, Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986) (holding that a violation occurs "when the transaction is consummated," and, for purposes of the statutory limitations period, the "nondisclosure is not a continuing violation.").

In the present case, Plaintiff fails to allege a plausible claim for relief under TILA for two reasons. First, in February 2010, Plaintiff executed a loan modification agreement that clearly provided that U.S. Bank was the "Lender." (Dkt. No. 18, Ex. B). The document clearly reflects the transfer of the mortgage occurred some four (4) years *before* Plaintiff filed this action and, thus, the claim is barred. 15 U.S.C. §1640(e); *see Moor*, 784 F.2d at 633. Second, even assuming the claim were not barred, the loan modification agreement Plaintiff signed provided him with actual notice of the transfer. *See id.* For these reasons, the Court concludes that Plaintiff's TILA claim must be **DISMISSED**.

## CONCLUSIONS

Accordingly, for all the foregoing reasons, it is the **ORDER** of the Court that Defendant's Motion to Dismiss (Dkt. No 18) is **GRANTED** and Plaintiff's action is **DISMISSED**.

**DONE** at Galveston, Texas, this ___14th___ day of November, 2014.

_____
JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE

7